ROBERT CARRICK'S ADMR. *v.* WM. COCHRAN, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—368.]

**Laches by Wife as Against Husband's Creditors.**

Where a wife's money is invested in land by her husband, who takes the title in his own name contrary to his agreement with his wife, and the land is sold and other land purchased, the title being taken in the same way, the husband concealing such fact from the wife, she can not be said to have been guilty of laches by which a creditor of her husband was misled, and where the land is conveyed to the wife before the creditor sued the husband the conveyance will not be set aside.

APPEAL FROM CARROLL CIRCUIT COURT.

November 17, 1885.

OPINION BY JUDGE HOLT:

The testimony in this case sustains the conclusion of the lower court that the deed from C. G. Wallace to the appellee, Mrs. Cochran, dated April 8, 1878, and recorded on January 6. 1879, was not tainted by fraud and founded upon the adequate valuable consideration. The evidence clearly shows that her husband received from the sale of her land, which descended to her from her father, and as her portion of the personal estate, about $8,000. The testimony to this effect is uncontradicted. It is also satisfactorily proved that when he did so it was the agreement that it was to be secured to her in the purchase of the land. It is true that the title to the property purchased with it was taken by her husband to

himself alone, and that thereafter there were as many as four successive sales and purchases of other property extending through a period of several years; but it appears that in each case and during all the time the wife believed that she was secured in the several purchases, and that her husband led her to so believe. She can not, therefore, be held to have been guilty of laches, by which the appellant as a creditor of the husband was misled.

Before the appellant brought his suit and obtained his judgment upon which he now sues, the title to the property last purchased had been conveyed to the wife by the party from whom it had been bought, in accordance with the agreement made between her and her husband when he obtained her means, and which had always been recognized by them. The petition appears to allege that an execution issued upon it in 1877; but it distinctly avers that a judgment was rendered in June, 1879; and the conflicting statements must be taken against the party making them. Moreover, the sheriff who handled the execution sustains this course. The interest in the livery stable property which was exchanged for the property now in contest is shown not to have been worth, at an extravagant estimate, over $8,000. In fact it is proved by Wallace, to whom it was traded in part pay for the land in contest, that it was not worth over $5,500; and both he and the appellee, Wm. Cochran, say that owing to certain facts, which they detail, both the stable interest and the land in contest were in the trade put at a fictitious value.

The fact that the husband gave his notes for the difference in the price of the land over and above the sum at which the stable interest was rated can not in view of the testimony in the case invalidate her claim to the land. Nothing has ever been paid upon the price of it save the stable interest, and it is probable that the lien for the balance may have to be enforced. In any event it is not now proper to decide what rights, if any, the creditor might have against the property if the husband should hereafter pay the unpaid purchase-money. The wife now presents herself in court as a defendant. It appears that until a short time previous to the conveyance to her she was ignorant of the fact that she had not been secured in the previous purchases and sales, and was finally informed of it otherwise than by her husband. She had an equity equal or superior to that of her husband's creditor, which is now

coupled with the legal title. The executed conveyance was made to her upon a meritorious and valuable consideration before the creditor had brought his action or the law by its process had seized the property, to carry out the trust previously undertaken by her husband; and as there is an absence of fraud it should be sustained. The lower court did not act upon the question of costs; there is no judgment as to it, and so far as this record shows the action was not dismissed by the lower court or stricken from the docket, and the cross-appeal can not therefore be sustained.

Judgment *affirmed* upon both the original and cross appeal.

*W. S. Darnaby, for appellant.*

*Geo. C. Drane, for appellees.*